UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK _____ X
JOSEPH SCANNELL, an Incapacitated Person by his
Guardian James Scannell

                    **DOCKET NO.: CV-20-4281**

                 Plaintiff,

    -against-

COUNTY OF NASSAU, NASSAU COUNTY
POLICE DEPARTMENT, POLICE OFFICER CIONI,
in his individual and official capacity, POLICE OFFICER.
COSCINO, in his individual and official capacity, POLICE
OFFICER MASSEY, in his individual and official capacity,
and JOHN DOE 1-10, in their individual and official
capacities,

                    **COMPLAINT**

                 Defendants.

                    ***JURY TRIAL DEMANDED***

========================================= X

       Plaintiff JOSEPH SCANNELL and James Scannell, by their attorneys, THE LAW OFFICES

OF FREDERICK K. BREWINGTON, as and for their Complaint against the above captioned

Defendants, respectfully set forth as follows:

## INTRODUCTION AND GENERAL ALLEGATIONS

      1.    This is an action for money damages and a declaratory judgment against the above

captioned Defendants, individually and collectively, for committing acts under color of law that

deprived Plaintiff of their rights as secured by the Constitution and laws of the United States and the

State of New York, including denial of due process and equal protection under the law, assault and

battery, unlawful use of excessive force, negligence, intentional infliction of emotional distress,

failure to properly train, negligent supervision, in violation of 42 U.S.C. § 1983 (including Municipal

Liability), 42 U.S.C. § 12131-1234 (Title II of the American with Disabilities Act [ADA] section 504

of the Rehabilitation Act and violations of the Fourth, Fifth and Fourteenth Amendments of the

United States Constitution), and related state law claims as set forth below.

2.      Upon  information and belief,  Defendant Police Officer CIONI, Police Officer COSCINO, Police Officer MASSEY, and  "JOHN DOE" 1 -10,  (hereinafter referred to as Police Officers "CIONI", "COSCINI" and "MASSEY" and Police Officers "JOHN DOE" 1-10) acted individually and collectively and under color of law on the morning of June  27, 2019,  when said Defendant Police Officers "CIONI", "COSCINI" and "MASSEY" and Police Officers JOHN DOE 1-10 illegally and unlawfully assaulted, JOSEPH SCANNELL, (hereinafter referred to as "Plaintiff JOSEPH SCANNELL) abused, harassed, cuffed and restrained, made to fear for his life, made to suffer, injured physically and mentally, imprisoned, arrested, seized and searched, and otherwise harmed without just cause, battered, and used excessive and unnecessary force, causing severe physical harm, extreme pain and suffering such injuries in violation of Mr. Scannell's constitutional and civil rights.

3.      Upon information and belief, Defendants "THE COUNTY OF NASSAU ,(hereinafter "NASSAU COUNTY") and NASSAU COUNTY POLICE DEPARTMENT,(hereinafter "NCPD") as part of a pattern, practice and custom,  failed to properly investigate, supervise and discipline the actions of Defendant Police Officers, and  "JOHN DOE" 1 through 10, before, during and after the improper assault, beating, and use of excessive force, of Plaintiff.

4.      Upon information and belief, The Defendants NASSAU COUNTY and "NCPD" had a duty to train, supervise and discipline  police officers, including the Defendant police officers, and were negligent in their training, hiring, supervising and disciplining of Police Officers "CIONI", "COSCINI" and "MASSEY" and Police Officers JOHN DOE 1-10.  Defendants "NCPD", and "NASSAU COUNTY", were negligent in training, hiring and supervising Defendants Police Officers, and  "JOHN DOE" 1 through10, thus leading to the unjustified use of excessive force, assault, and false arrest against Mr. Scannell.

5.     Upon information and belief, Defendant Police Officers "CIONI", "COSCINI" and "MASSEY" and Police Officers JOHN DOE 1-10, without lawful justification and based on an intent to deprive Plaintiff Mr. SCANNELL of his rights, acted with the knowledge that their wrongful conduct had the tacit authorization of the "NASSAU COUNTY", and the "NCPD". With such tacit authorization and condonement, Defendant Police Officers "CIONI", "COSCINI" and "MASSEY" and Police Officers JOHN DOE 1-10",  proceeded to use unnecessary force, and negligently, purposefully, intentionally, maliciously and without just cause or provocation and with great force and violence, seized, assaulted and battered Mr. SCANNELL, without care or caution as to their acts; failed to follow protocols; and failed to obtain supervisory intervention which led to careless, negligent and reckless behavior which caused physical pain and suffering in addition to mental distress  to said Plaintiff, "JOSEPH SCANNELL".

6.     After said unlawful abuse, beating and restraint, upon strong information and belief, the Defendant" Police Officers  "CIONI", "COSCINI" and "MASSEY" , and  "JOHN DOE" 1 through10, collectively contrived facts and a false story,  in an attempt to justify their wrongful beating, assault, and excessive force visited upon Plaintiff JOSEPH  SCANNELL.

## JURISDICTION AND VENUE

7.     This action is brought pursuant to 42 U.S.C. §1983, the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §§ 12131-12134  (Title II of the Americans with Disabilities Act [ADA]) and Section 504 of the Rehabilitation Act. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343 (3) and (4) and the aforementioned statutory and constitutional provisions. Plaintiff further invokes pendent jurisdiction of this  Court pursuant to 28 U.S.C. § 1367 to hear and decide any and all claims arising under State law.

8.      Prior hereto and within the proper time allotted, Plaintiff James Scannell on behalf of his brother Plaintiff JOSESPH SCANNELL, filed a *Notice of Claim* in compliance with General Municipal Law Section 50 et. seq. and CPLR 215, as against each municipal Defendant.  Plaintiff "JAMES SCANNELL" has complied with all conditions precedent to filing the within *Complaint*.

9.      By Order of the Governor of the state of New York the *Statute of Limitations on State Law Claims* as extended. The State of New York Executive Order No.  202.60 signed and dated September 4, 2020 which "..temporarily suspend or modify any state, local law, ordinance, order or regulation or parts thereof, of any agency during a State disaster emergency." As part of that Order and prior Orders all statutes of limitations and other statutory deadlines for filing and service are further suspended through October 4, 2020.

10.     Venue for this action is the Eastern District of New York based on Plaintiffs' residence, and the place where the actions complained of herein occurred.

## PARTIES

11.     During all times mentioned in this complaint, Plaintiff, "JOSEPH SCANNELL" is a resident of the United States residing in the State of New York and the County of Nassau.  Plaintiff Joseph Scannell is a person with disabilities.

12.     During all times relevant, Plaintiff JAMES SCANNELL, is the brother and Legal Guardian of JOSEPH SCANNELL, and is currently the Guardian for and on behalf of JOSEPH SCANNELL having been appointed/commissioned  by the Supreme Court of the State Of New York, County of Nassau , on July 23, 2015 under Index No.: IC 31470.  Plaintiff JAMES SCANNELL is a resident of the United States, residing in the State of New York, and the County of Nassau.

13.     During all times relevant, Defendant "NASSAU COUNTY" (hereinafter "COUNTY") is and was a duly constituted municipal corporation of the State of New York.

14.     During all times relevant, Defendant NASSAU COUNTY POLICE DEPARTMENT (hereinafter "NCPD") is, and was, an entity/agency of NASSAU COUNTY.

15.     During all times relevant, Defendant POLICE OFFICER CIONI (hereinafter "CIONI") was and is an employee of the "County" and "NCPD", working as a Nassau County Police Officer with the full authority and support of his employers , sued herein in his individual and official capacities is employed as a Police Officer by Defendants, "NASSAU COUNTY" and "NCPD". CIONI at all times relevant to the claims in this matter was a resident of New York State.

16.     During all times relevant, Defendant POLICE OFFICER COSCINO (hereinafter "COSCINO") was and is an employee of the "County" and "NCPD", working as a Nassau County Police Officer with the full authority and support of his employers , sued herein in his individual and official capacities is employed as a Police Officer by Defendants, "NASSAU COUNTY" and "NCPD". COSCINO at all times relevant to the claims in this matter was a resident of New York State.

17.     During all times relevant, Defendant POLICE OFFICER MASSEY (hereinafter ), (hereinafter "MASSEY") was and is an employee of the "County" and "NCPD", working as a Nassau County Police Officer with the full authority and support of his employers , sued herein in his individual and official capacities is employed as a Police Officer by Defendants, "NASSAU COUNTY" and "NCPD". MASSEY at all times relevant to the claims in this matter was a resident of New York State .

18.     During all times relevant, Defendant JOHN DOE 1-10 currently unknown to the Plaintiff, but known to the Defendants, was and is an employee of the "County" and "NCPD",

working as a Nassau County Police Officer with the full authority and support of his employers ,

sued herein in their individual and official capacities are employed as a Police Officer by Defendants,

"NASSAU COUNTY" and "NCPD". JOHN DOE 1-10 at all times relevant to the claims in this

matter were residents of NewYork State, sued here in their individual and official capacity, are

employed as Police Officers by Defendants "NASSAU COUNTY" and NCPD.

## STATEMENT OF FACTS

19.     JOSEPH SCANNELL, is fifty eight (58) years of age having been born on May 17,

1962. JOSEPH SCANNELL is married to his wife Merrill Scannell for 20 years. At all times herein,

JOSEPH SCANNELL was an incapacitated person suffering from, Huntington's Disease, and residing

at an assisted living facility. On July 23, 2015  JOSEPH SCANNELL was determined an incapacitated

person by the Nassau County Supreme Court.    Prior to this incident James Scannell was duly

constituted and appointed as Guardian for said JOSEPH SCANNELL by the Nassau County Supreme

Court and has continued to act in his capacity as his Guardian to JOSEPH SCANNELL.

20.     Upon information and belief, Plaintiff JOSEPH SCANNELL experienced symptoms,

then ultimately diagnosed with Huntington's Disease on or about the spring of 2015, and eventually

Plaintiff "JOSEPH SCANNELL" required professional services that led him to be unable to reside at

his home any longer. As a result, the decision was made to place Plaintiff "JOSEPH SCANNELL" into

an assisted living facility.  On or about February 2018, Mr. Scannell moved into the Brain Tree Manor,

1102 ,Washington Street Brain Tree, MA 02184.

21.     On or about February 2019, the family including James Scannell, the brother and Legal

Guardian of Plaintiff JOSEPH SCANNELL evaluated the specific services of Brain Tree Manor and

determined that those services were no  longer required.  Further, the family also factored into its

evaluation that Braintree was so far from home. Based on these considerations, the decision was made

to relocate Plaintiff "JOSEPH SCANELLI" to the Grand Nursing Home located at 15 Saint Paul's Place,

6

Great Neck, NY, where he has been a resident since February 2019.

22.     Upon information and belief, on Thursday June 27, 2019, at approximately 9:30 a.m. , Mr. Scannell became very upset and agitated while being transported to Nassau University Medical Center (hereinafter "NUMC"), located at 2201 Hempstead, NY 11554, at all times prior to June 27, 2019,  Mr. Scannell was ambulatory.

23.     Upon information and belief, on Thursday, June 27, 2019, at approximately 9:30 a.m., an unidentified staff member from the Grand Nursing Home placed a call to James Scannell( hereinafter James Scannell, Plaintiff's brother and Legal Guardian) to inform him that Plaintiff was "in crisis". Mr. James Scannell could not speak to his brother, because Plaintiff "JOSEPH SCANNELL" was not near the phone. Mr. James Scannell, recognizing that he could not calm his brother over the phone, suggested that Grand Nursing Home call an ambulance to transport his brother to Nassau University Medical Center, East Meadow, NY.   Mr. James Scannell then placed a telephone call to Ms. Merrill Scannell, the wife of Plaintiff "JOSEPH SCANNELL" to inform her that the Plaintiff  "JOSEPH SCANNELL" was going to be transported to NUMC.

24.     Upon information and belief, a Nassau County ambulance arrived at the Grand Nursing Home at approximately 10:00 am on June 27, 2019  to transport Plaintiff "JOSEPH SCANNELL" to "NUMC".

25.      In addition to the ambulance, a police response and escort was dispatched.  The police escort were identified as the aforementioned  Police Officers "CIONI", "COSCINI" and "MASSEY" in addition to unidentified Police Officers 1-10 at "NUMC".

26.     Upon information and belief, after arriving at "NUMC" on June 27, 2019 at approximately 10:15 am, rather than address this matter professionally as a mental health crisis the police resorted to the use of force and plaintiff became involved  in a scuffle with the police escort

7

identified as defendant Police Officers "CIONI", "COSCINI" and "MASSEY" after going through the entrance of the hospital.

27.     Defendant Police Officers  "CIONI", "COSCINI" and "MASSEY" willfully, maliciously and without just cause or provocation and with great force and violence, seized, assaulted, battered and falsely arrested Plaintiff "JOSEPH SCANNELL" without seeking or following the proper and customary protocol for assessing individuals with incapacities so as to mitigate any harm or involvement with the criminal justice system.

28.     As a result of defendant, "Police Officers' "CIONI", "COSCINI" and "MASSEY" failure to exercise due care and caution, Plaintiff, Mr. JOSEPH SCANNELL suffered physical injury during the aggressive, violent and malicious assault by defendant Police Officers  CIONI", "COSCINI" and "MASSEY" during their attempts to handcuff and falsely arrest Plaintiff "JOSEPH SCANNELL". Police Officers' CIONI", "COSCINI" and "MASSEY" assaulted and battered Plaintiff "JOSEPH SCANNELL" between the entrance doors to NUMC causing multiple injuries including, but not limited to bruised and injured wrist, serious injury to head causing the requirement of a head Scan/CAT Scan of Plaintiff JOSEPH SCANNELL, mental anguish, mental pain and suffering, false arrest of Plaintiff JOSPEH SCANNELL by handcuffing him to his hospital bed which caused further bruising and "raw skin injuries around and about Plaintiff JOSEPH SCANNELL'S wrist. Plaintiff JOSEPH SCANNELL was subjected to malicious prosecution, fabrication of evidence, violation of civil rights, loss of freedom loss of liberty, unequal treatment , loss of comfort, extreme mental stress, loss of security in his person psychological damages, damage to his name and reputation, humiliation, embarrassment and restriction to his free choice and liberty, monetary damages, special damages, cost/fees/expenses including but not limited to attorneys fees, and related damages incurred by and on behalf of Plaintiff for the recklessness carelessness, gross negligence, intentional conduct, malicious conduct, violation of civil rights and

unlawful and abusive conduct of the agents, servants, officers, employees and/or representatives of the "COUNTY", "NCPD", including but not limited to Police Officers " CIONI", "COSCINI" and "Massey" and JOHN DOE1-10. Additionally, defendant Police Officers "CIONI", "COSCINI" and "MASSEY" and Police Officers JOHN DOE 1-10 failed to seek appropriate intervention from other sources and failed to follow appropriate protocols.

29.    Plaintiff was charged with violations of law, including the Felony crime of "Attempted Robbery 3rd, as well as "Forcibly Stealing Property" of a Police Officer, Resisting Arrest and Harassment 2nd  " Physical Contact".   Plaintiff "JOSEPH SCANNELL" was arraigned on or about July 12, 2019 for the aforementioned charges.

30.    From July 12, 2019 to October 24, 2019 Mr. Joseph Scannell was maliciously and wrongfully prosecuted by the defendants.

31.    Subsequent to Plaintiff "JOSEPH SCANNELL's" arrest and arraignment on October 24, 2019   all charges were dismissed determined upon the merits, in the plaintiff's favor regarding his criminal matter (Docket Number CR-017846-19NA).

32.    These wrongful and abusive acts subjected Plaintiff JOSEPH SCANNELL to an arrest record, humiliation, embarrassment, mental anguish, pain and suffering due to the abuse, reckless, careless, negligent, intentional, violative and callous acts of Defendant Police Officers " CIONI", "COSCINI" and "MASSEY", and JOHN DOE 1-10 who engaged in blatant and unabashed abuse of process, abuse of authority and interference with Claimants's right to be free from wrongful seizure and being the focus of false and manufactured charges.

33.    Defendants "COUNTY" and"NCPD" disregarded its duty of supervision, training, and maintenance of its departments, agencies, and those acting under their directions, behest, and control, was negligent, careless, and reckless, in failing to properly investigate and/or evaluate the results of any

investigation of those persons, agents, servants and/or employees hired to protect and serve the public as police officers.

34.     Defendants "COUNTY" and"NCPD" failed to hire efficient and/or sufficient personnel in that Defendant Police Officers lacked the experience, deportment, maturity, sensibility and intelligence to act as an official police officer.

35.     Defendants "COUNTY" and"NCPD" failed to exercise due care and caution in its hiring practices, and in particular, in hiring employees who lacked the mental capacity and ability to function as employees of Defendant.

36.     Defendants "COUNTY" and "NCPD" failed to investigate the background of Defendant Police Officers "CIONI", "COSCINI" and "MASSEY" and Police Officers JOHN DOE 1-10", and in negligently hiring and retaining said Defendant Officers who lacked the maturity, sensibility and intelligence to be employed by Defendants "COUNTY" and "NCPD" in such a capacity for which they were hired.

37.     Defendants "COUNTY" and "NCPD" knew or should have known Defendant Police Officers "CIONI", "COSCINI" and "MASSEY" and Police Officers JOHN DOE 1-10' " lack of ability, experience, deportment and maturity to address the special needs of Plaintiff JOSEPH SCANNELL.

38.     Defendants "COUNTY" and "NCPD" failed to properly train and supervise its employees, including but not limited to the defendants in the proper manner,  failed to train its employees in the proper methods of assessing situations,  failed to train its employees in the proper manner in which to handle matters similar to the subject incident,  failed to train its employees to control their tempers and exercise the proper deportment and temperament, and to otherwise act as reasonable and prudent police officers.

39.     Defendants " COUNTY" and"NCPD"  failed to investigate, discipline, or control Defendant Police Officers "CIONI", "COSCINI" and "MASSEY" and Police Officers JOHN DOE 1-10" with respect to their inclination towards brutality and use of excessive force against individuals of the public.

40.     Defendants "NASSAU COUNTY" and"NCPD" failed to train Defendant Police Officers "CIONI", "COSCINI" and "MASSEY" and Police Officers JOHN DOE 1-10" " to avoid use of excessive force, and failed to discipline"POLICE OFFICERS" for inflicting excessive force upon Mr. Scannell.

41.     Defendants " COUNTY" and"NCPD" failed to promulgate proper and/or adequate rules and regulations governing the proper protocol in handling matters involving the mentally impaired.

42.     Defendants Police Officers "CIONI", "COSCINI" and "MASSEY"   failed to use such care in the performance of their duties as a reasonable prudent and careful police officer would have used in circumstances involving the mentally disturbed.

43.     Defendant Police Officers "CIONI", "COSCINI" and "MASSEY" and Police Officers JOHN DOE 1-10 physically mis-handled Plaintiff JOSEPH SCANNELL,  and  intentionally, willfully, maliciously, and without just cause or provocation and with great force and violence, seized, assaulted, and battered, "JOSEPH SCANNELL", a (57) year old man who was experiencing a mental "crisis" prior to, and during his transport to NUMC.

44.     Defendant Police Officers "CIONI", "COSCINI" and "MASSEY" and Police Officers JOHN DOE 1-10" failed to seek appropriate assistance, guidance, and intervention from NCPD and other sources,  failed to follow acceptable, and established general protocols,  failed to follow protocol as to taking action without supervisory intervention, and in otherwise being careless, unreasonable, negligent, grossly negligent, and reckless.

## AS AND FOR COUNT ONE
## 42 U.S.C. § 1983 - FOURTH, FIFTH, AND
## FOURTEENTH AMENDMENT VIOLATIONS
## EQUAL PROTECTION AND DUE PROCESS

45.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in ¶¶ 1through 44 of this Complaint with the same force and effect as though fully set forth herein.

46.     The Defendants " COUNTY", "NCPD", acting under color of law and powers prescribed to them by the United States Constitution, federal and state laws, violated the Fourth, Fifth, and Fourteenth Amendment and 42 U.S.C. §1983, by subjecting the Plaintiff , "JOSEPH SCANNELL", to unequal treatment under the law, by way of their unauthorized, and false arrest, excessively harsh brutality, unduly forceful restraint, and excessive use of brutal force.  Defendants' improper and wrongful arrest without any violation of the law and absent probable cause or any reasonable suspicion of any criminal activity.

47.     Defendants " COUNTY", "NCPD" and  Police Officers " CIONI", "COSCINI" and "MASSEY" and Police Officers JOHN DOE 1-10  , also failed to provide due process of law and/or equal protection of the Plaintiff 's rights, when compared to those rights of a non-disabled person, in that said Defendants failed to provide JAMES SCANNELL and his family with the same level of investigation, discipline and/ or action taken to redress the wrongs visited upon Plaintiff "JOSEPH SCANNELL", as such  Defendants would exercise and provide after the abuse and injury of a non-disabled person who did not suffer from mental illness.

48.     Defendants "NASSAU COUNTY", "NCPD", and Police Officers "CIONI", "COSCINI" and "MASSEY" and Police Officers JOHN DOE 1-10", were further disparate in their treatment of the mentally ill/mentally disabled, and were reckless, negligent and/or deliberately indifferent in their training, hiring and supervision of their police officers, including Defendant Officers, with respect to the

12

use of force against mentally ill, the inquiry of mentally disturbed persons, the bringing of charges against mentally disturbed persons and the recognition and preservation of the civil and constitutional rights of mentally disturbed persons.

49.     Defendants "NASSAU COUNTY" and"NCPD" promoted and enabled procedures permitting the type of actions taken by Defendant Police Officers " CIONI", "COSCINI" and "MASSEY" and Police Officers JOHN DOE 1-10 , which resulted in the violation of JOSEPH SCANNELL's constitutional and civil rights, and which further physically harmed him.  Defendants "COUNTY" and"NCPD" failed to promulgate procedures and/or monitor and enforce compliance with established policies and procedures for the handling of mentally ill or emotionally disturbed persons, which resulted in the violation of "JOSEPH SCANNELL"'s constitutional and civil rights, as well as physical harm to him.

50.     As a result of the actions and failures of Defendants " COUNTY" and"NCPD", did not employ appropriate procedures to physically safeguard Plaintiff "JOSEPH SCANNELL", a mentally aided person, especially with respect to their preparation for and initial contact with him, attempts to falsely arrest him, contain him, attempts to take him into custody, failure to use protective devices, failure to call for back-up, special units and/or supervisors who were experienced with addressing the mentally aided, use of excessive force, and failure to employ the assistance of health care professionals on the premises, and to minimize the escalation of the inappropriate physical force used against him.

51.     Defendants " COUNTY" and"NCPD" had a duty to investigate and discipline its police officers for misconduct, including any of the Defendants Police Officers " CIONI", "COSCINI" and "MASSEY" and Police Officers JOHN DOE 1-10 , with respect to their use of force against mentally ill persons, their inquiries of mentally ill persons, the use of restraint against mentally ill persons, and the recognition and preservation of the civil and constitutional rights of mentally ill persons.

52.     The aforesaid Defendants provided such a lack of equal protection to the mentally impaired Plaintiff, "JOSEPH SCANNELL", based upon their disdain and/or disregard for the rights of the mentally ill, and based upon a wanton prejudice towards such persons.  Said acts violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, and further violate 42 U.S.C. §1983.

53.     As a direct result of the above acts and omissions, the Defendants "COUNTY","NCPD", and Police Officers "CIONI", "COSCINI" and "MASSEY" and Police Officers JOHN DOE 1-10", caused direct physical and emotional injuries to Plaintiff, "JOSEPH SCANNELL", and have caused his family to suffer,  including pain and suffering, physical trauma, emotional trauma.

54.     All of the above referenced Defendants took the above actions under color of law, acting in both their individual and official capacities, in using unnecessary and excessive force by Defendant Police Officers "CIONI", "COSCINI" and "MASSEY" and Police Officers JOHN DOE 1-10 , to restrain the unarmed, emotionally fragile , Plaintiff  "JOSEPH SCANNELL".

55.     The vicious beating, assault, restraining, of Plaintiff "JOSEPH SCANNELL" and other wrongful acts conducted against the Plaintiff  based on Plaintiff's mental illness, including but not limited to acts taken by Defendant Police Officers "CIONI", "COSCINI" and "MASSEY" and Police Officers JOHN DOE 1-10"s and the entity Defendants, " COUNTY" and "NCPD", constituted a violation of Plaintiff's rights, secured by the Fourteenth Amendment to the United States Constitution, to be guaranteed the same procedural and substantive protections and safeguards, and the same standard of reaction by police officers as that given in a comparable situation, involving the restraint of a non-mentally disabled person by Defendants " COUNTY", "NCPD" and Police Officers "CIONI", "COSCINI" and "MASSEY" and Police Officers JOHN DOE 1-10.

56.     As a consequence of Defendants' wrongful actions, negligent behavior, and violation of state and federal laws, Plaintiffs "JOSEPH SCANNELL"  was deprived of his freedom and life, was

made to suffer physical injuries, great pain and suffering, and was subjected to great fear and terror and personal humiliation and degradation, and continues to suffer physical pain and mental and emotional distress as a result of the aforesaid unlawful conduct of Defendant Police Officers "CIONI", "COSCINI" and "MASSEY" and "Police Officers JOHN DOE 1-10".

57.     That by reason of the foregoing, Plaintiff, "JOSEPH SCANNELL", has been damaged in the sum of ten million ($10,000,000.00) dollars . As a result of Defendants' acts, Plaintiff suffered, and is entitled to, damages sustained to date and continuing as well as punitive damages, costs and attorney's fees against the Defendants, to be held jointly and severally liable.

## AS AND FOR COUNT TWO
## 42 U.S.C. § 1983 - EXCESSIVE USE OF FORCE

58.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in ¶¶ 1 through 57 of this Complaint with the same force and effect as though fully set forth herein.

59.     The accusations of wrongful actions against Plaintiff were false and were an attempt to cover up the brutal beating, which had been inflicted on Plaintiff by Defendant Police Officers "CIONI", "COSCINI" and "MASSEY" and Police Officers JOHN DOE 1-10".

60.     The vicious beating, and other wrongful acts and level of physical force conducted against the Plaintiff , "JOSEPH SCANNELL" by Defendants, including, but not limited to Defendant Police Officers "CIONI", "COSCINI" and "MASSEY" and Police Officers JOHN DOE 1-10", constituted unreasonable, unnecessary and excessive use of force by a police officer, far beyond any potential alleged perceived threat.   As such, Defendants were negligent, reckless, unreasonable and unauthorized, as Defendants had a duty to not subject Plaintiff to vicious and excessive police actions, but failed to prevent same and breached their duty.   Said acts violate the Fourteenth and Fourth Amendment, and 42 U.S.C.§1983.

61.     Defendants "NASSAU COUNTY","NCPD", and Police Officers "CIONI", "COSCINI" and "MASSEY" and Police Officers JOHN DOE 1-10", further used unnecessary, and excessive force against Plaintiff "Mr. SCANNELL" without lawful justification, by improper use of force against the

mentally ill, Plaintiff "Mr. SCANNELL", failed to use or promulgate procedures and/or monitor and enforce compliance with established policies and procedures, for the handling of mentally ill or emotionally disturbed persons, which resulted in the excessive force/violation of Plaintiff "JOSEPH SCANNELL's" constitutional and civil rights, as well as physical harm to him.

62.     As a result of the actions and failures of Defendants "NASSAU COUNTY","NCPD", and Police Officers "CIONI", "COSCINI" and "MASSEY" and Police Officers JOHN DOE 1-10" did not employ appropriate measures of force to contain and physically safeguard Plaintiff "JOSEPH SCANNELL", an incapacitated person, especially with respect to their preparation for and initial contact with him, attempts to contain him, attempts to take him into custody, failure to use protective devices, failure to call for back-up, special units and/or supervisors who were experienced with addressing the mentally aided, and resultant use of unreasonable force for the situation of restraining the frail, unarmed Plaintiff "Mr. SCANNELL", use of excessive force, and failure to employ the assistance of family and health care providers on the premises, and to minimize the escalation of inappropriate, excessive physical force used against him.

63.     As a consequence of the Defendants' use of excessive force and Defendants' wrongful actions, negligent behavior and violation of state and federal laws, Plaintiff was deprived of his freedom and life for ever, was seriously physically injured, and was subjected to great fear and terror and personal humiliation and degradation, and suffered great physical pain and impairment, mental and emotional distress as a result of the aforesaid unlawful conduct of Defendant Police Officers "CIONI", "COSCINI" and "MASSEY" and Police Officers JOHN DOE 1-10".

64.     That by reason of the foregoing, Plaintiff "JOSEPH SCANNELL", has been damaged in the sum of ten million ($10,000,000.00) dollars. As a result of Defendants' acts, Plaintiff suffered, and is entitled to, damages sustained to date and continuing as well as punitive damages, costs and attorney's fees against the Defendants, to be held jointly and severally liable.

## AS AND FOR COUNT THREE
## 42 U.S.C. § 1983
## FALSE ARREST ,MALICIOUS PROSECUTION, ABUSE OF PROCESS, UNREASONABLE <u>AND EXCESSIVE USE OF FORCE</u>

65.     Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 64 of this complaint with the same force and effect as though fully set forth herein.

66.     On or about June 27, 2019  Plaintiff JOSEPH SCANNELL was placed in fear of his life, falsely seized, falsely detained and falsely arrested by defendants and subject to excessive and unreasonable force and unlawful search and seizure.

67.     On or about June 27, 2019, Plaintiff JOSEPH SCANNELL  was placed in fear of his life, falsely arrested, falsely seized, detained, and held for an unreasonable period of time against his will without justification, explanation or rationale for such detention.

68.     On or about June 27, 2020 while being detained, Plaintiff was subjected to excessive and unreasonable force, which was demeaning in nature.

69.     On or about June 27, 2019 while being detained Plaintiff "JOSEPH SCANNELL", DEFENDANT Police Officers   "CIONI", "COSCINI" and "MASSEY" and Police Officers JOHN DOE 1-10"s manhandled and bruised wrists of Plaintiff  "JOSEPH SCANNELL" while attempting to cuff Plaintiffs hands into handcuffs behind his back.

70.     On or about  June 27, 2019 Plaintiff JOSEPH SCANNELL while being detained, by Defendant Police Officers   "CIONI", "COSCINI" and "MASSEY" and Police Officers JOHN DOE 1-10"s was  caused to experience bruised, injured, broken skin and overall "raw" skin about his wrists due to the tight clasp of handcuffs that Plaintiff endured while cuffed to hospital bed.  As a result, upon information and belief, of the Defendant Police Officers' actions Plaintiff suffered and continues to suffer from the inability to ambulate as he had previously and pain in his hands, wrists

and arms.

71.     Upon information and belief such seizure, arrest and detention was ordered and was carried out by DEFENDANT COUNTY and Defendant Police Officers "CIONI", "COSCINI" and "MASSEY"and Police Officers JOHN DOE 1-10".   The false criminal charges leveled against Plaintiff were all dismissed on October 24, 2019.

72.     Defendant Police Officers  "CIONI", "COSCINI" and "MASSEY" and Police Officers JOHN DOE 1-10" from Nassau County Police Department, were present in or around June 27, 2019 and participated in the unlawful detention, arrest, and beating of Plaintiff.

73.     The Nassau County Police Department failed to take any action to prevent this unlawful behavior by Defendant Police Officers  "CIONI", "COSCINI" and "MASSEY" and Police Officers JOHN DOE 1-10"s .

74.     Upon information and belief, such seizure, arrest, detention, and assault was ordered, condoned and authorized  by  COUNTY DEFENDANT and Defendant Police Officers  "CIONI", "COSCINI" and "MASSEY" and Police Officers JOHN DOE 1-10"s , with a callous, deliberate indifference to Plaintiff's known constitutional rights.

75.     Upon information and belief, Defendant Police Officers  "CIONI", "COSCINI" and "MASSEY" and Police Officers JOHN DOE 1-10"s took an active role in creating and manufacturing the allegations made against Plaintiff "JOSEPH SCANNELL", in an intentional attempt to mask and coverup their wrongful actions and abuses of Plaintiff. Defendant Police Officers  "CIONI", "COSCINI" and "MASSEY" and Police Officers JOHN DOE 1-10"s have Abused the Legal system and process for their own benefit and self interest.  They have maliciously prosecuted Plaintiff "JOSEPH SCANNELL and each of the Defendant Police Officers   "CIONI", "COSCINI" and "MASSEY" and Police Officers JOHN DOE 1-10"s have taken steps to support, foster and assist in

the prosecution and forward progress of the prosecution and charges against Plaintiff.

76.     As part of the false arrest, detention, and accusations, Defendant Police Officers "CIONI", "COSCINI" and "MASSEY" and Police Officers JOHN DOE 1-10's caused plaintiff to be seized, arrested, and held in a compromising position for an unreasonable time without, probable cause and caused him to be deprived of his liberty, without due process and was further exposed to disgrace, public humiliation and embarrassment.

77.     The Defendant Police Officers "CIONI", "COSCINI" and "MASSEY" and Police Officers JOHN DOE 1-10's individually and collectively knew at the time of Plaintiff's arrest, and at all times since then, that they were not in possession of any evidence consistent with and sufficient to establish his guilt and were based solely, or in part, on Defendant Police Officers "CIONI", "COSCINI" and "MASSEY" and Police Officers JOHN DOE 1-10's disregard and discriminatory and violative actions due in part or in whole to his disability.

78.     Each of the defendants acting under color of law, acted separately and in concert and without authorization of law. Each of the defendants, separately and in concert with each other, acted willfully, knowingly and purposefully with the specific intent to deprive Plaintiff of his right to freedom from excessive force, illegal seizure of his person, freedom from illegal detention, and imprisonment and free from the abuse of process and malicious prosecution as has been and is being engaged in by the Defendants. All of these rights are secured to Plaintiff by the provisions of the due process clause of the Fifth and Fourteenth Amendments to the Constitution of the United States, the Fourth Amendment, as well as the Equal Protection clause of the Fourteenth Amendment and by 42 U.S.C. § 1983.

79.     In falsely arresting, falsely imprisoning, abusing the process, abusing, detaining, prosecuting, coercing, threatening, intimidating and interrogating Plaintiff JOSEPH SCANNELL,

and denying Plaintiff his right to be free from unreasonable search and seizure from the Defendant Police Officers "CIONI", "COSCINI" and "MASSEY" and Police Officers JOHN DOE 1-10"s . Each DEFENDANT knew or should have known they were violating laws of the State of New York and those statutory and constitutional rights set forth herein causing harm to plaintiff.

80.    As a direct and proximate result of the aforesaid acts of the Defendant Police Officers "CIONI", "COSCINI" and "MASSEY" and Police Officers JOHN DOE 1-10"s , Plaintiff suffered great physical harm, mental anguish and violations of rights from then until now and he will continue to so suffer in the future, having been greatly humiliated and mentally injured, as a result of the foregoing acts of the DEFENDANTS.

81.    Plaintiff was forced and continues to incur great expense due to the defense of false criminal charges, filing of this complaint, medical treatment,  for attorney's fees, investigation expenses, and other expenses in addressing the multiple wrongful and abusive acts by the Defendant Police Officers  "CIONI", "COSCINI" and "MASSEY" and Police Officers JOHN DOE 1-10"s " COUNTY" and "NCPD", which have been a serious burden on Plaintiff.

82.    That by reason of the foregoing, Plaintiff JOSEPH SCANNELL  has been placed in fear of his life, suffers significant emotional damages, distress, pain, suffering, loss of self esteem, self doubt  and has been  exposed to disgrace, public humiliation and embarrassment, loss of educational opportunities, was deprived of access to his family, was deprived of his constitutional rights and has been damaged in the sum of Ten Million ($10,000,000.00) Dollars.

## AS AND FOR COUNT FOUR
### 42 U.S.C. § 1983 - MUNICIPAL VIOLATIONS

83.    The Plaintiffs repeat, reiterate and reallege each and every allegation contained in ¶¶ 1 through 82 of this Complaint with the same force and effect as though fully set forth herein.

84.     Prior to June 27, 2019, and in the time since said that date, the Defendants "COUNTY","NCPD", AND POLICE OFFICERS, have permitted, tolerated and condoned a pattern and practice of unjustified, unreasonable and illegal uses of force, beatings and uses of weapons against civilians with mental illness or diminished mental capacities by police officers of the"NCPD" and other local Police Departments within the jurisdiction of the "COUNTY".   Although such beatings, illegal uses of excessive force were improper, the officers involved were not prosecuted, disciplined or subjected to restraint, and such incidents were in fact covered up with false, premature, official claims that the beatings, uses of force were justified and proper.

85.     As a result of the above pattern of acts and omissions, the Defendants and Police Officers "CIONI", "COSCINI" and "MASSEY" and Police Officers JOHN DOE 1-10", and other police officers within their jurisdiction were caused and encouraged to believe that: (a) civilian persons could be beaten or abused under circumstances which do not require the use of excessive force; and (b) that such beatings and/or use of excessive force would in fact be permitted by the Defendant " COUNTY" and its branches.

86.     In addition to permitting a pattern and practice of improper beatings and abuses of civilian persons with mental illness or diminished mental capacities  Defendants " COUNTY" and"NCPD" have failed to maintain a proper system for investigation of all incidents of unjustified beatings, and excessive use of force by police officers.

87.     The " COUNTY" and"NCPD" have failed to respond to the continuing and urgent need to prevent, restrain and discipline police officers who wrongfully beat, use excessive force and abuse civilian persons with mental illness or diminished mental capacities.

88.     The "NASSAU COUNTY" and"NCPD" have maintained a system of review of unjustified beatings, and excessive use of force by police offices that has failed to identify the improper brutality by police officers and failed to subject officers who beat and/or brutalized citizens with mental illness or diminished mental capacities,  to discipline, closer supervision or restraint, to the extent that

it has become the custom of the "COUNTY" to tolerate the improper beatings, illegal arrests and other wrongful actions by police officers.

89.     Upon information and belief, specific systemic flaws in the " COUNTY" brutality review process include, but are not limited to, the following:

a.      Preparing reports regarding investigations of beatings incidents as routine point-by-point justifications of the police officer's actions, regardless of whether such actions are justified;

b.      Police Officers investigating beatings systematically fail to credit testimony by non-police officer witnesses, and uncritically rely on reports by police officers involved in the incident;

c.      Police Officers investigating  beatings fail to include in their reports relevant factual  information which would tend to contradict the statements of the police officers involved;

d.      Supervisory Police Officers at times issue immediate public statements, exonerating police officers for excessive use of force and improper beatings and use of unnecessary and excessive force, before the investigation of the incident by the police department has been completed;

e.      Reports in brutality cases are not reviewed for accuracy by supervisory officers. Conclusions  are  frequently permitted to be drawn on the basis of clearly incorrect or contradictory information, without proper review of medical, forensic and witness information.

90.     The foregoing acts, omissions, systemic flaws, policies and customs of the Defendants " COUNTY" and"NCPD" caused the Defendant POLICE OFFICERS to believe that brutality and other improper actions would not be aggressively, honestly and properly investigated, with the foreseeable result that officers are most likely to use excessive force in situations where such force is neither necessary nor reasonable.

91.     As a direct and proximate  result of the aforesaid acts, omissions, systemic flaws, policies, practices and customs of the Defendants " COUNTY", and  "NCPD" , Police Officers "CIONI", "COSCINI" and "MASSEY" and Police Officers JOHN DOE 1-10 unjustifiably attacked, beat, brutalized, thus causing injury to Plaintiff "JOSEPH SCANNELL", all in violation of his civil and constitutional rights and he has suffered with the loss of his life as well from physical injury,

psychological harm, mental distress, humiliation, embarrassment, fear, and being prevented from attending his usual duties and his life as a brother and citizen, all to his damage and to the pain and damage of those that survive him.

92.     Defendants "COUNTY", and"NCPD" were reckless, negligent or deliberately indifferent in their training, hiring and supervision of their police officers, including Defendant Officers, with respect to the use of force against mentally ill persons, the inquiry of mentally ill persons, the bringing of charges against the mentally ill  persons and the recognition and preservation of the civil and constitutional rights of mentally ill persons.

93.     Defendants "COUNTY", and"NCPD" promoted and enabled procedures permitting the type of actions taken by Defendant Police Officers "CIONI", "COSCINI" and "MASSEY" and Police Officers JOHN DOE 1-10, which resulted in the violation of Plaintiff "Mr. SCANNELL" constitutional and civil rights and physically harmed him. Defendants "COUNTY", and"NCPD" failed to promulgate procedures and/or monitor and enforce compliance with established policies and procedures for the handling of mentally ill or emotionally disturbed persons, which resulted in the violation of Plaintiff "JOSEPH SCANNELL's " constitutional and civil rights, as well as physical harm to him.

94.     Prior to June 27, 2019 and since, the County of Nassau has permitted and tolerated a pattern and practice of unjustified use of force, unreasonable treatment, false arrests, acts of abuse, false allegations, mistreatment, criminalizing the mental/medical condition suffered and escalation of circumstances as to persons with emotional disabilities by police officers of the County of Nassau. Although such treatment and actions by police were improper, the officers involved were not seriously prosecuted, disciplined or subjected to restraining and such incidents were in fact covered up with official claims that the actions of police were justified and proper.  As a result, Nassau County police officers were caused and encouraged to believe that persons with mental disabilities could be arrested, abused, violated, beaten and made to suffer under circumstances not requiring the abuse of process, use of force and excessive force, and that such acions would in fact be permitted by the County of Nassau.

95.    The recent victims of the aforesaid wrongful beatings and excessive use of force in addition to the plaintiff, Joseph Scannell, have included but are not limited to, Derrick Bennett, Brian Pfail, Michael J. Sciortino, Shuayb Greenaway, and Steve Eiden .

96.    The County has regularly failed to properly train supervise, investigate and discipline, the police officers involved in the unjustified use of force, unreasonable treatment, false arrests, acts of abuse, false allegations, mistreatment, criminalizing the mental/medical condition suffered and escalation of circumstances against persons with mental disabilities and conditions.

97.    In addition to permitting a pattern of practice of unjustified use of force, unreasonable treatment, false arrests, acts of abuse, false allegations, mistreatment, criminalizing the mental/medical condition suffered and escalation of circumstances against persons with mental disabilities and conditions, the County of Nassau has failed to maintain a proper system for investigation of all incidents of unjustified use of force, unreasonable treatment, false arrests, acts of abuse, false allegations, mistreatment, criminalizing the mental/medical condition suffered and escalation of circumstances against persons with mental disabilities and conditions by police officers.

98.    As a result of the actions and failures of Defendants " Police Officers " CIONI", "COSCINI" and "MASSEY" and Police Officers JOHN DOE 1-10 did not employ appropriate procedures to physically safeguard Plaintiff "Mr. SCANNELL", especially with respect to their preparation for and initial contact with him, attempts to contain him, attempts to take him into custody, failure to use protective devices, use of excessive force, and failure to employ the assistance of family and health care professionals on premises to minimize the escalation of inappropriate physical force used against him.

99.    Defendants "COUNTY" and"NCPD" had a duty to properly train and then investigate and discipline its Police Officers for misconduct, including any of the Defendant Police Officers "CIONI", "COSCINI" and "MASSEY" and Police Officers JOHN DOE 1-10, with respect to their use of excessive force against mentally ill persons, their inquiries of mentally ill persons, the bringing of

charges against mentally ill persons, and the recognition and preservation of the civil and constitutional rights of minority persons.  Defendants acts and omissions accordingly constituted a municipal policy of unequal protection and denial of due process, in violation of 42 U.S.C. §1983.

100.    That by reason of the foregoing, Plaintiff "JOSEPH SCANNELL", has been damaged in the sum of ten million ($10,000,000.00) dollars . As a result of Defendants' acts, Plaintiff suffered, and is entitled to, damages sustained to date and continuing as well as punitive damages, costs and attorney's fees against the Defendants, to be held jointly and severally liable.

## AND AS FOR COUNT FIVE
## 42 U.S.C. §§ 12131-12134, TITLE II OF THE AMERICAN WITH DISABILITIES ACT (ADA) AND SECTION 504 OF THE REHABILITATION ACT

101.    The Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 100 of this complaint with the same force and effect as though fully set forth herein.

102.    PLAINTIFF is, as set forth herein,  a person with a disability as defined under 504 of the Rehabilitation Act and 42 U.S.C. §§ 12131-12134, Title II of the American with Disabilities Act (ADA).

103.    PLAINTIFF was denied the benefits of the services, programs, or activities of Defendants COUNTY and NASSAU COUNTY POLICE DEPARTMENT and was subjected to discrimination by Defendants due to and on account of his disability.

104.    PLAINTIFF was allowed to be beaten, placed in hand cuffs, taken into custody, denied medical care and treatment, abused physically and verbally, deprived of his rights and other  benefits, threatened and otherwise denied the normal conditions to which he was entitled due to and on account of his disability.

105.    PLAINTIFF was qualified to participate in or receive the benefit of all of his rights and treatment as a person with disabilities including but not limited to being free from summary beatings,

not being placed abused and targeted due to conditions, not being denied medical care and treatment, not being abused physically and verbally, not deprived of civil rights and benefits, not threatened and not otherwise denied the normal benefits due to his disability and not being subjected to improper and differential treatment and/or discriminated against because of his disability.

106.    Defendants COUNTY and NASSAU COUNTY POLICE DEPARTMENT receives Federal financial assistance.

107.    That the false arrest, false imprisonment, excessive force and violation of the laws of the State of New York and Plaintiff's civil rights were brought about and caused by the actions of DEFENDANTS and that the same were a clear and intentional abuse of process causing Plaintiff damages.

108.    That by reason of the foregoing, Plaintiff has been placed in fear of his life, emotional damages, distress, pain, suffering, loss of self esteem, self doubt and exposed him to disgrace, public humiliation and embarrassment, was deprived of access to his family and was deprived of his constitutional rights and has been damaged in the sum of Ten Million ($10,000,000.00) Dollars.

## AS AND FOR COUNT SIX
## NEGLIGENCE
## (PENDENT STATE CLAIM)

109.    Plaintiffs repeat, reiterate, and reallege the allegations set forth in ¶¶ 1 through 108 inclusive, of this Complaint, with the same force and effect as though herein fully set forth.

110.    In the acts complained of herein, and in attempting to contain the frail, unarmed "JOSEPH SCANNELL", the Defendant Police Officers "CIONI", "COSCINI" and "MASSEY" and Police Officers JOHN DOE 1-10" acted negligently, in that they had a duty to act reasonably and responsibly and not to act in a manner which would cause injury to Plaintiff "JOSEPH SCANNELL". Defendants Police Officers "CIONI", "COSCINI" and "MASSEY" and Police Officers JOHN DOE 1-10 breached said duty to act with reasonable care, prudence, and caution, when they unnecessarily beat,

and otherwise abused Plaintiffs' in such a way that resulted in his injury.

111.    Defendant Officers, "CIONI", "COSCINI" and "MASSEY" and Police Officers JOHN DOE 1-10" further had a duty to act as would prudent police officers, by not taking actions which would endanger the life of Plaintiff "JOSEPH SCANNELL" and other persons similarly situated, had a duty to act within the scope of their authority, and to use reasonable precaution and not to using excessive force or otherwise violate the Constitutional and civil rights of Plaintiffs' . Defendant Police Officers "CIONI", "COSCINI" and "MASSEY" and Police Officers JOHN DOE 1-10", in their actions, breached those duties.

112.    In derogation of their duty, and with deliberate indifference, malice and recklessness, Defendant Police Officers "CIONI", "COSCINI" and "MASSEY" and Police Officers JOHN DOE 1-10" failed to heed the advices of the persons who had summoned them to the premises and who greeted and provided them access to the  at the premises, with respect to the mental state of the  who was, at that time, suffering from mental disease/disability.

113.    In further derogation of their duty, Defendant Police Officers "CIONI", "COSCINI" and "MASSEY" and Police Officers JOHN DOE 1-10" failed to follow established and widely recognized law enforcement policies and procedures with respect to the handling of persons suspected to be or who are actually mentally ill or emotionally disturbed or, alternately, Defendants "COUNTY" and"NCPD" failed to develop and implement adequate policies to establish appropriate handling by its police officers of aided persons who are mentally ill or emotionally disturbed.

114.    The Defendants "COUNTY", and"NCPD",  their agents, employees and/or servants violated the rights of Plaintiff " JOSEPH SCANNELL" secured under the Fourteenth Amendment and 42 U.S.C. §1983, and were careless, negligent and reckless in the care and treatment of Plaintiff "JOSEPH SCANNELL" in failing to have properly trained personnel respond to the aforementioned

emergency; in failing to properly respond to the situation existing at that time and place.

115.    That by reason of the foregoing, Plaintiff JAMES SCANNELL , as Guardian for and on behalf of Plaintiff "JOSEPH SCANNELL", has been damaged in the sum of ten million ($10,000,000.00) dollars. As a result of Defendants' acts, Plaintiff suffered, and is entitled to, damages sustained to date and continuing as well as punitive damages, costs and attorney's fees against the Defendants, to be held jointly and severally liable.

## AS AND FOR COUNT SEVEN
## BATTERY
## (PENDENT STATE CLAIM)

116.    Plaintiff "JAMES SCANNELL"  repeats and reiterate and re-alleges each and every allegation contained in paragraphs 1 through 115 of this Complaint,   with the same force and effect as though fully set forth herein.

117.    The Defendants " COUNTY","NCPD", and Police Officers "CIONI", "COSCINI" and "MASSEY" and Police Officers JOHN DOE 1-10 lacked any legal or lawful basis, probable cause, or justification  to shoot, beat, brutalize, arrest and seize Plaintiff

118.    The Defendants and Police Officers "CIONI", "COSCINI" and "MASSEY" and Police Officers JOHN DOE 1-10" having illegally and unlawfully beat, brutalized, seized and arrested Plaintiff "JOSEPH SCANNELL", violated the rights of the Plaintiff as well as the laws of the State of New York.

119.    Defendant Police Officers "CIONI", "COSCINI" and "MASSEY" and Police Officers JOHN DOE 1-10, wrongfully, unlawfully and without privilege, consent, emergency, necessity, license or justification, forced Plaintiff  to endure beating, and physical harm, to the severe extent of injury. Plaintiff  at no time consented to such abuse or seizure of his person or property by Defendant Police Officers " CIONI", "COSCINI" and "MASSEY" and Police Officers JOHN DOE 1-10  . Said actions by the Defendant officers were intentional and aimed at injuring and causing Plaintiff to suffer  harm,

discomfort, pain and humiliation.

120.    Plaintiff was held against his will, threatened, intimidated and was caused to suffer the intense fear of bodily harm, to the extent that an objective person in Plaintiff's 's position would be left in fear of such bodily harm. Plaintiffs' committed no violation or crime and was not charged with any violation or crime.

121.    Defendant Police Officers " CIONI", "COSCINI" and "MASSEY" and Police Officers JOHN DOE 1-10 did intentionally, beat, threaten, intimidate and cause the injury of Plaintiff "JOSEPH SCANNELL", while placing him in fear of imminent danger and or bodily harm prior to and during said shocking and beating. Plaintiff , "JOSEPH SCANNELL", in fact was subjected to great pain and physical injury by virtue of Defendant Police Officers " CIONI", "COSCINI" and "MASSEY" and Police Officers JOHN DOE 1-10  conduct, including but not limited to the unwarranted, unjustified, excessive, abusive wrongful and illegal use of excessive force on the Plaintiffs' by the Defendant Police Officers " CIONI", "COSCINI" and "MASSEY" and Police Officers JOHN DOE 1-10

122.    As a result of said and battery,  Plaintiff JOSEPH SCANNELL suffered, physical harm, great emotional and psychological harm, anxiety, fear, terror, humiliation, and degradation all as a direct result of Defendant Police Officers " CIONI", "COSCINI" and "MASSEY" and Police Officers JOHN DOE 1-10 wrongful, unjustified and illegal conduct.

123.    That by reason of the foregoing, Plaintiff  JAMES SCANNELL , as Guardian for and on behalf of Plaintiff "JOSEPH SCANNELL", has been damaged in the sum of ten million ($10,000,000.00)dollars. As a result of Defendants' acts, Plaintiff suffered, and is entitled to, damages sustained to date and continuing as well as punitive damages, costs and attorney's fees against the Defendants, to be held jointly and severally liable.

## AS AND FOR COUNT EIGHT
## <u>FALSE ARREST AND FALSE IMPRISONMENT</u>
## (PENDENT STATE CLAIM)

124.    Plaintiff "JAMES SCANNELL" repeats and reiterate and re-alleges each and every allegation contained in paragraphs 1 through 124 of this Complaint, with the same force and effect as though fully set forth herein.

125.    The "COUNTY" and Defendant Police Officers "CIONI", "COSCINI" and "MASSEY" and Police Officers JOHN DOE 1-10 lacked any probable cause to hold and detain the Plaintiff in custody for any period of time, no less the prolonged period of custody during which time Plaintiff was handcuffed and arrested after being taken into Nassau University Medical Center, despite having been a mentally incapacitated and physical incapable of "punching" or harming a police officer at said time.

126.    Without such probable cause, Defendant Police Officers " CIONI", "COSCINI" and "MASSEY" and Police Officers JOHN DOE 1-10 wrongfully used physical force to detain the Plaintiff in handcuffs and in police custody after being transported to the Nassau University Medical Center. Upon information and belief, Plaintiff was further handcuffed and surrounded by officers in a room, and kept there under the supervision and knowledge of the"NCPD", despite his not acting in an unlawful manner.

127.    The false arrest and false imprisonment of Plaintiff not only a violated Plaintiff "JOSEPH SCANNELL"s civil rights under federal law, but violated her rights under the laws of the State of New York, which are herein invoked. This false arrest and false imprisonment were brought about and caused by the actions of Defendant Police Officers "CIONI", "COSCINI" and "MASSEY" and Police Officers JOHN DOE 1-10 and the same were a clear and intentional abuse of process, causing Plaintiff severe damage.

128.    As a result of said false arrest, false imprisonment and continued false arrest, including being transported into Nassau University Hospital in handcuffs and with Police Officers "CIONI",

"COSCINI" and "MASSEY" and Police Officers JOHN DOE 1-10 present, Plaintiff's ability to receive proper medical help was compromised by the Defendants, and JOSEPH SCANNELL was caused to suffer pain, great emotional and psychological harm, anxiety, personal fear, and damage.

129.    That by reason of the foregoing, Plaintiff JAMES SCANNELL , as Guardian for and on behalf of JOSEPH SCANNELL, has been damaged in the sum of ten million ($10,000,000.00) dollars. As a result of Defendants' acts, Plaintiff suffered, and is entitled to, damages sustained to date and continuing as well as punitive damages, costs and attorney's fees against the Defendants, to be held jointly and severally liable.

**AS AND FOR COUNT NINE**
**ON BEHALF OF JOSEPH SCANNELL**
**<u>INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u>**
**(PENDENT STATE CLAIM)**

130.    Plaintiff "JAMES SCANNELL"  repeats and reiterate and re-alleges each and every allegation contained in paragraphs 1 through 129 of this Complaint,  with the same force and effect as though fully set forth herein.

131.    The Defendants "NASSAU COUNTY","NCPD", and Police Officers "CIONI", "COSCINI" and "MASSEY" and Police Officers JOHN DOE 1-10,  through their conduct, acts and omissions as set forth in the above pleaded allegations, acted outrageously and beyond the bounds of decency, for their above-stated, respective roles in (a) the wrongful detainment, punching, beating, stomping, manhandling, false arrest, prolonged captivity, intimidation,  public humiliation, resulting in the injury of the Plaintiff , "JOSEPH SCANNELL", and (b) the concealment, cover-up, and failure to redress the wrongs done to Plaintiff, "JOSEPH SCANNELL".

132.    The Defendants "COUNTY", "NCPD", and Police Officers "CIONI", "COSCINI" and "MASSEY" and Police Officers JOHN DOE 1-10 , committed the above stated reprehensible, extreme and outrageous conduct against Plaintiff , "JOSEPH SCANNELL", with full knowledge that their

conduct would cause severe and extreme emotional harm to Plaintiff "JOSEPH SCANNELL", and to his close family members, and with such extreme emotional harm being intended.

133.    Said extreme emotional harm, with psychological and physical symptoms manifesting therefrom, did in fact occur in this case, in that the Plaintiff "JOSEPH SCANNELL" was debilitated, terrified, humiliated, and caused to suffer fear for his life and anguish, by the Defendant Police Officers "CIONI", "COSCINI" and "MASSEY" and Police Officers JOHN DOE 1-10' s violent acts committed against him.

134.    That by reason of the foregoing, Plaintiff "JAMES SCANNELL" , as Guardian for and on behalf of JOSEPH SCANNELL, has been damaged in the sum of ten million ($10,000,000.00) dollars. As a result of Defendants' acts, Plaintiff suffered, and is entitled to, damages sustained to date and continuing as well as punitive damages, costs and attorney's fees against the Defendants, to be held jointly and severally liable.

### AS AND FOR COUNT TEN
### ON BEHALF OF JOSEPH SCANNELL
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (PENDENT STATE CLAIM)

135.    Plaintiff "JAMES SCANNELL"  repeats and reiterate and re-alleges each and every allegation contained in paragraphs 1 through 134 of this complaint,  with the same force and effect as though fully set forth herein.

136.    The Defendants " COUNTY","NCPD",  and Police Officers "CIONI", "COSCINI" and "MASSEY" and Police Officers JOHN DOE 1- 10" through their conduct, acts and omissions as set forth in the above pleaded allegations, acted negligently, outrageously and beyond the bounds of decency, for their above-stated, respective roles in (a) the wrongful detainment, punching, beating, manhandling, false arrest, prolonged captivity, intimidation,  public humiliation resulting in the injury

of the Plaintiff "JOSEPH SCANNELL", and (b) the concealment, cover-up, and failure to redress the wrongs done to Plaintiff, "JOSEPH SCANNELL", with the resultant effect that Plaintiff "JOSEPH SCANNELL" has been caused to suffer great pain, shame, public humiliation and anguish, in having his brother brutalized at the hands of the Defendant Police Officers "CIONI", "COSCINI" and "MASSEY" and Police Officers JOHN DOE 1-10 go unpunished, unredressed, defended, concealed and supported, through the actions of the Defendants " COUNTY", and "NCPD".

137.    The Defendants " COUNTY","NCPD", and Police Officers " CIONI", "COSCINI" and "MASSEY" and Police Officers JOHN DOE 1-10 ", in committing the above stated reprehensible, extreme and outrageous conduct against Plaintiff , "JOSEPH SCANNELL", knew and/or should have known that their conduct would cause severe and extreme emotional harm to Plaintiff , "JOSEPH SCANNELL", and to his close family members.

138.    That by reason of the foregoing, Plaintiff , "JOSEPH SCANNELL", has been damaged in the sum of ten million ($10,000,000.00) dollars. As a result of Defendants' acts, Plaintiff suffered, and is entitled to, damages sustained to date and continuing as well as punitive damages, costs and attorney's fees against the Defendants, to be held jointly and severally liable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against Defendants:

a.      On the Count One in the sum of TEN MILLION DOLLARS ($10,000,000.00);

b.      On the Count Two in the sum of TEN MILLION DOLLARS ($10,000.000.00);

c.      On the Count Three in the sum of TEN MILLION DOLLARS ($10,000,000.00);

d.      On the Count Four in the sum of TEN MILLION DOLLARS ($10,000,000.00);

e.      On the Count Five in the sum of TEN MILLION DOLLARS ($10,000,000.00);

f.      On the Count Six  in the sum of TEN MILLION DOLLARS ($10,000,000.00);

g.      On the Count Seven  in the sum of TEN MILLION DOLLARS ($10,000,000.00);

h.      On the Count Eight  in the sum of TEN MILLION DOLLARS ($10,000,000.00);

i.      On the Count Nine in the sum of TEN MILLION DOLLARS ($10,000,000.00);

j.      On the Count Ten in the sum of TEN MILLION DOLLARS ($10,000,000.00);

k.      Punitive damages in the sum of TWENTY MILLION DOLLARS ($20,000,000.00);

l.      Award attorney's fees and costs of this action to the Plaintiff, pursuant to 42 U.S.C. § 1988;  and award such other and further relief as this Court may deem appropriate.

m.      Injunctive relief, requiring defendants to correct all past violations of federal and state law as alleged herein; to enjoin defendants from continuing to violate federal and state law as alleged herein; and to order such other injunctive relief as may be appropriate to prevent any future violations of said federal and state laws;

n.      An order granting such other legal and equitable relief as the court deems just and proper

## A JURY TRIAL IS HEREBY DEMANDED

Dated: Hempstead, New York
         September 11, 2020

Respectfully submitted,

LAW OFFICES OF
FREDERICK K. BREWINGTON

By _____
FREDERICK K. BREWINGTON
*Attorneys for Plaintiffs*
556 Peninsula Boulevard
Hempstead, New York 11550
(516) 489-6959

34